**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

YURIY LUTSENKO,

     Plaintiff,

     v.

VICTOR PSHNKA, *et al.*,

     Defendants.

Civil Action No. 11-02244 (CKK)

**MEMORANDUM OPINION AND ORDER**
(March 26, 2012)

On February 23, 2012, the Court dismissed this action without prejudice after Plaintiff

Yuriy Lutsenko ("Lutsenko") contravened two of this Court's Orders and, after being afforded a

fair opportunity to come into compliance, failed to prosecute his case.  Currently before the Court

is Lutsenko's [6] Motion to Reopen Case.  Upon consideration of Lutsenko's submissions, the

relevant authorities, and the record as a whole, the Motion shall be DENIED.

## I.  BACKGROUND

Lutsenko is represented by Kenneth F. McCallion, Esq., of the law firm McCallion &

Associates, LLP.  He commenced this action on December 15, 2011, naming as Defendants a

series of individuals who appear to reside in Ukraine.  *See* Compl., ECF No. [1], ¶¶ 6-9.  While a

plaintiff ordinarily has 120 days after the filing of the complaint to effect service upon a

defendant, that time limit "does not apply to service in a foreign country under Rule 4(f) or

4(j)(1)."  FED. R. CIV. P. 4(m).  Nonetheless, in order to ensure that service in this action was

made in a prompt, fair, and efficacious manner, this Court ordered Lutsenko to "file a Status

Report with the Court (1) describing his efforts to date to effect service of process upon

Defendants and (2) outlining his plan for effecting service upon any Defendant that has not been

served." Order (Jan. 31, 2012), ECF No. [3], at 1.  Lutsenko's Status Report was due by no later than February 8, 2012.  *Id.*

When this deadline came and passed without Lutsenko filing the required Status Report or seeking an extension of his time to do so, the Court warned Lutsenko that "[d]istrict courts have the authority to dismiss a case or impose other appropriate sanctions for a plaintiff's failure to prosecute or otherwise comply with a court order." Order (Feb. 15, 2012), ECF No. [4], at 1. Despite the availability of these measures, the Court generously "exercise[d] its discretion to afford Lutsenko a *final* opportunity to come into compliance."  *Id.* at 2 (emphasis in original). Specifically, the Court afforded Lutsenko until and including February 22, 2012 to file the required Status Report or to "show cause why this action should not be dismissed without prejudice or other sanctions imposed upon him and/or his counsel."  *Id.* (capitalization omitted). In addition, the Court expressly warned Lutsenko that if he "fails to respond altogether, the Court shall assume that he no longer intends to prosecute this action."  *Id.*

Despite the Court's clear and unambiguous warning, this deadline also came and passed without Lutsenko filing the required Status Report or seeking an extension of his time to do so. Accordingly, on February 23, 2012, the Court dismissed the action without prejudice.  *See* Order, ECF No. [5], at 2.

## II.  DISCUSSION

As suggested by the title, Lutsenko's [6] Motion to Reopen Case asks this Court to reopen this action.  By implication, he also asks the Court to vacate its [5] Order dated February 23, 2012 dismissing the action without prejudice.  In support of the requested relief, Lutsenko relies exclusively on Rule 60(b) of the Federal Rules of Civil Procedure, which permits a district

court to "relieve a party or its legal representative from a final judgment, order, or proceeding"

on one of six enumerated grounds.  FED. R. CIV. P. 60(b).[1]  Specifically, Lutsenko relies upon

Rule 60(b)(1), which permits a court to relieve a party from an order based on "mistake,

inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), and Rule 60(b)(6), which

permits a court to relieve a party for "any other reason that justifies relief," FED. R. CIV. P.

60(b)(6).  Lutsenko has failed to show that he is entitled to relief under either provision.

   *A.      Rule 60(b)(1)*

   Beginning with Rule 60(b)(1), Lutsenko claims that he is entitled to relief because his

counsel of record never personally registered to receive notice via the Court's CM/ECF System

and therefore "had not received electronically the Orders of the Court in this case, including the

ones directing that a Status Report be filed with the Court."  Affirmation of Kenneth F.

McCallion ("McCallion Decl."), ECF No. [6-1], ¶ 4.  This explanation falls short of justifying

the relief sought.  In this Circuit, the law is clear: regardless of whether or not attorneys receive

electronic notice, they remain "obligated to monitor the court's docket."  *Fox v. Am. Airlines,*

*Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *see also United States v. Baylor*, 162 F. App'x 1, 1

---

[1]  Although Lutsenko relies exclusively on Rule 60(b), the Court notes that it would reach the same decision were it to analyze Lutsenko's Motion under Rule 59(e).  The disposition of a motion originating under Rule 59(e) is entrusted to the district court's discretion, and "'need not be granted unless the district court finds there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Although courts have "considerable discretion in ruling on a Rule 59(e) motion," *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004), such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances," *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).  The moving party carries the burden of demonstrating that relief under Rule 59(e) is warranted.  *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011).  For the same reasons set forth herein, Lutsenko has failed to discharge that burden.

(D.C. Cir. 2005) ("Counsel is under an obligation to check with reasonable frequency on the status of a pending case.").  As a result, even if the Court were inclined to credit Lutsenko's explanation, it does not provide a basis to overlook his counsel's failure to monitor the docket.  *See Gibson-Michaels v. Bair*, 255 F.R.D. 306, 307-308 (D.D.C. 2009) (refusing to reconsider dismissal of action under Rule 60(b) where the plaintiff failed to discharge his obligation to monitor the docket); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding that relief was unavailable under Rule 60(b) in part because plaintiff's counsel failed to "regularly access[] the court's docket to monitor case activity"); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (suggesting that a district court "would abuse its discretion if it were to reopen a case under Rule 60(b)(1)" when the party failed to discharge its "duty of diligence to inquire about the status of a case").  Nor is a different result warranted based on Lutsenko's counsel's suggestion that he believed that a colleague, someone who never entered an appearance in this action, was informally monitoring the docket on his behalf.  *See* McCallion Decl. ¶¶ 2-3.  Again, even crediting this explanation, it does not excuse Lutsenko's counsel of record from failing to exercise reasonable diligence in monitoring the docket.  *Cf. St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, 573 F. Supp. 2d 152, 177 (D.D.C. 2008) (concluding that "counsel's blaming of his associate does not create excusable neglect for a missed filing deadline" because "[a]s counsel of record, [he] has an obligation to monitor the court's docket"), *aff'd*, 630 F.3d 217, 394 (D.C. Cir. 2011).  Considering the record as a whole, the Court finds that Lutsenko has failed to show that he is entitled to relief based on "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).

4

B.      *Rule 60(b)(6)*

Lutsenko cannot avoid this outcome by relying on the catch-all provision under Rule

60(b)(6), which allows a court to relieve a party from an order for "any . . . reason that justifies

relief." FED. R. CIV. P. 60(b)(6).  As an initial matter, the catch-all provision is "mutually

exclusive with the grounds for relief in the other provisions of Rule 60(b)."  *Kramer v. Gates*,

481 F.3d 788, 792 (D.C. Cir. 2007).  Because Lutsenko's Motion is properly construed under

Rule 60(b)(1), the Court may not consider the motion under Rule 60(b)(6) as well.  *See Owen-*

*Williams v. BB &T Inv. Servs., Inc.*, 717 F. Supp. 2d 1, 12 (D.D.C. 2010).  In any event, relief

under Rule 60(b)(6) is available only if "the movant can demonstrate a meritorious claim or

defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986); *see also*

*Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("[A]s a precondition to relief

. . . , the movant must provide the district court with reason to believe that vacating the judgment

will not be an empty exercise or a futile gesture.").  Lutsenko has not even attempted to discharge

that burden here.  Considering the record as a whole, the Court finds that Lutsenko has failed to

show that he is entitled to relief for "any other reason that justifies relief." FED. R. CIV. P.

60(b)(6).

/

/

/

/

/

/

### III.  CONCLUSION

The Court has considered the remaining arguments tendered by Lutsenko and concludes that they are without merit.  Therefore, and for the reasons set forth above, it is, this 26th day of March, 2012, hereby

**ORDERED** that Lutsenko's [6] Motion to Reopen Case is **DENIED**.

**SO ORDERED**.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge